Paul Bick Nguyen, sbn 156441
480 N. First Street Ste 100
San Jose, CA 95112
408 288 9030

Attorney for Trac N. Vu

FILED
JUN 3 0 2008
CLERK
United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In Re:<br><br>Frank Le and Cindy Le,<br><br>    Debtors.<br>_____<br>Trac N. Vu,<br><br>    Plaintiff,<br><br>v.<br><br>Frank Le and Cindy Le,<br><br>    Defendants.<br>_____ | Bankruptcy Case No 08-51470 RLE 7<br><br><br><br><br>Adversary No.<br><br>COMPLAINT TO DETERMINE<br>DISCHARGEABILITY OF DEBT |

COME NOW, Plaintiff Trac N. Vu, individual, by and through his undersigned counsel and basing this action on 11 U.S.C. Sec 523(a)(2)(A), alleges as follows:

1. Jurisdiction of this matter is conferred on the Court by 28 U.S.C. Sec 1334.

2. Plaintiff is an unsecured creditor in the within mater, whose claim was duly scheduled by the debtors.

3. Defendants Frank Le and Cindy Le, the debtors in the above-entitled case under Chapter 7 of the Bankruptcy Code, have scheduled the indebtedness to Plaintiff for discharge in bankruptcy in the said case.

4. Beginning in April 2000 and continuing to May 2001, both defendants made representations to plaintiff to induce plaintiff to invest in their electronic firm, Electronic Manufacturing Group, Inc., which they owned, controlled and operated. The representations were about the value and financial viability of the corporation. Specifically, they represented that their corporation was worth at least $2,000.000.00 (two millions U.S. dollars) and that they had a lot of high value contracts.

5. Defendants showed plaintiff the corporation's manufacturing facility with a lot of apparent workers.

6. In reliance on their representations, plaintiff entered into an agreement with the defendants where he made an investment totaling $500,000 (five hundred thousand U.S. dollars) in exchange for one-quarter ownership of the said business.

7. In addition, based on their aforementioned representations, plaintiff lent the defendants $110,000 (one hundred and ten thousand U.S. dollars) (hereinafter, first business loan) to cover the business expenses of the corporation. The defendants promised to pay back the said business loan in four years.

8. Thereafter, in 2002 based the similar representations and the inducement of partial payments of the first business loan, plaintiff lent defendants additional $50,000 (fifty thousand U.S. dollars) to cover the payroll of the said corporation (hereinafter, second business loan). The defendants promised to repay this second business loan.

9. The representations were in fact false. Defendants knew or should have known that their representations were incorrect.

10. To the extent that defendants did not know whether the representations that they made were false, they acted with a reckless disregard for the truth and the falsity of the statements were made.

11. Plaintiff is informed and believes that the defendants set up the said scheme to enrich themselves and their family.

12. Subsequently, plaintiff found that there were hardly any high value business contracts. Furthermore plaintiff found that there were few employees working for the said business. Plaintiff found through his attorney's inquiry that the corporate book did not record plaintiff as a shareholder of the said corporation. The defendants used the corporate fund to pay for their home mortgages. They paid Cindy Le an annual salary of at least $100,000.00 (one hundred thousand U.S. dollars) though her primary experience for many years had been electronic assembly. They paid their son an annual salary of between $40,000 and $50,000 (forty to fifty thousand U.S. dollars) though he did not finish college education, had no prior significant work experience, had no discernable skills, and had no significant work duties.

13. In August 2002 or thereabout plaintiff learned the full extent of the defendants' fraud that the corporation was not worth the value that defendants had represented to him. Finally, defendants through their attorney refused to make available the entire corporate records to plaintiff for inspection.

14. Though some payments were made of the first business loan, the sum of $10,000 has not been repaid as promised. The second business loan has not been paid as promised.

15. Thereafter, the corporation ceased its operation.

16. Plaintiff as a result of the wrongful and intentional misrepresentations of defendants Frank Le and Cindy Le, have been damaged in the amount of $560,000.00 (five hundred sixty thousand U.S. dollars).

17. In 2005 plaintiff filed an action against the said defendants to seek damages. The court awarded a (default) judgment against the said defendants in favor of the plaintiff in the amount of $560,682.00 (five hundred sixty thousand and six hundred eighty-two U.S. dollars) in addition to $100,000 (one hundred thousand U.S. dollars) against each of the said defendants as punitive damage. The general damage $560,682.00 (compensation plus cost) is joint and several against all defendants. The punitive damage against each defendant is several judgment obligation of that defendant. Attached is a true copy of the said amended judgment.

WHEREFORE, PLAINTIFF prays judgment against each defendant, as follows.

1. That plaintiff's damages be determined by this Court,
2. That this Court enter judgment against defendants in said sum and that said sum be non-dischargeable,
3. That the Court award plaintiff interest thereon at the applicable federal rate,
4. That plaintiff be awarded attorney's fee and cost hereof as allowable under applicable law, and
5. For such other and further relief as the Court may deem just and appropriate.

Date: June 25, 2008

Respectfully submitted,

_____
Paul Bick Nguyen

In Re LE Case No 08-51470 RLE 7

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT



SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA

TRAC N. VU, PLAINTIFF v. ELECTRONIC MANUFACTURING GROUP, INC.,
FRANK LE, and CINDY LE, DEFENDANTS
CASE NO. 105CV045733

### AMENDED JUDGMENT

This matter was heard and submitted at a default evidentiary hearing on August 14, 2006. The court hereby sets aside the judgment filed on that day, in order to correct clerical errors, and executes this amended judgment to reflect the true state of the case.

The matter having been submitted, and

GOOD CAUSE APPEARING:

All notices were given as required by law, and defaults were duly entered. Proof was given to the satisfaction of the court.

Judgment is hereby entered in favor of plaintiff Trac N. Vu and against defendants Electronic Manufacturing Group, Inc., Frank Le, and Cindy Le in the amount of $560,000.00 general damages plus costs in the amount of $682.00. This judgment amount of $560,682.00 is a joint and several judgment obligation of said defendants.

Judgment is further entered in favor of plaintiff Trac N. Vu and against defendant Electronic Manufacturing Group, Inc. in the amount of $100,000.00 in punitive damages. This is a several judgment obligation of said defendant.

Judgment is further entered in favor of plaintiff Trac N. Vu and against defendant Frank Le in the amount of $100,000.00 in punitive damages. This is a several judgment obligation of said defendant.

Judgment is further entered in favor of plaintiff Trac N. Vu and against defendant Cindy Le in the amount of $100,000.00 in punitive damages. This is a several judgment obligation of said defendant.

November 9, 2006

*Leslie C. Nichols*

LESLIE C. NICHOLS