```
Hien D. Doan, Esq.   SBN 197044
Attorney at Law
626 International Boulevard
Oakland, CA 94606
(510) 839-8808
(510) 839-8802 Facsimile

Attorney for Debtors/Defendants
FRANK LE and CINDY LE
```

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) **Case No.: 08-51470** |
| FRANK LE and CINDY LE; | ) **Adversary No.: 08-05176** |
| _____ | ) **DEFENDANTS' TRIAL BRIEF** |
| TRAC VU; | ) **Date:   11/23/2009** |
|          Plaintiff, | ) **Time:   9:30 AM** |
| v. | ) **Dept:   3099** |
| FRANK and CINDY LE; | ) |
|          Defendants | ) |

PURSUANT TO LOCAL COURT RULES, Defendants respectfully submit this TRIAL BRIEF.

## I. FACTUAL STATEMENT

Defendants and Plaintiff were former friends and were involved in a joint business.  As the business declined, quarrels arose and the parties started to point fingers.  Lawsuits also were filed.  Plaintiff filed a lawsuit against the

**DEFENDANTS' TRIAL BRIEF**

1

debtors in Santa Clara County, Case Number 105CV045733. Debtors' sole income was from the business and once the business shut down, they had no income. They did not have the proper resources to defend the case. Therefore, the case resulted in a **<u>default judgment</u>** in favor of plaintiff. There were no specific findings of fraud or otherwise.

Falling onto bad times and losing all of their assets and incomes, debtors filed for Chapter 7 relief on 03/27/2008. Subsequently, plaintiff filed the Complaint for Determination of Dischargeability on 06/20/2008.

## II. <u>ALLEGATION UNDER 11 USC § 523</u>

Plaintiff cites 11 USC § 523(a)(2)(A) and alleges that the debt in question was "obtained by ... false pretenses, a false representation, or actual fraud."

However, plaintiff does not offer any evidence, but simply produces an "amended" default judgment from the Santa Clara County Superior Court.

## III. <u>DISCHARGE UNDER 11 USC § 523</u>

Having no evidence of fraud, plaintiff has an impossible high hurdle to overcome.

### A. <u>Burden of Proof</u>

"A creditor must prove that a debt is nondischargeable by a preponderance of the evidence." ***Grogan v. Garner***, 498 U.S. 279,

11 S. Ct. 654, 112 L. Ed. 2d 755, 24 C.B.C.2d 1 (119). The plaintiff offers no evidence except for a default judgment. Furthermore, plaintiff did not perform any discovery during the periods provided by the Court. Obviously, plaintiff will not overcome the preponderance of the evidence.

### B. Exceptions to Discharge Construed Narrowly

"The exceptions to discharge should be strictly construed in favor of dischargeability." **_In re Hudson_**, 107 F.3d 355, 37 C.B.C.2d 1109 (5th Cir. 1997). **_Accord In re Peters_**, 133 B.R. 291 (S.D.N.Y. 1991), *aff'd*, 964 F.2d 166 (2d Cir. 1992).

The complaint filed by the plaintiff is vague and ambiguous. Furthermore, it offers an unsupported timeline and plaintiff's versions of events. Again, the only evidence is a default judgment. No findings of fraud or otherwise have been made. Therefore, this exception must be construed in favor of dischargeability.

### IV. DISCOVERY AND EVIDENCE

After the filing of this complaint by plaintiff, defendants properly produced documents to plaintiff. Then, plaintiff was afforded time, by this court, to conduct discovery and use ADR. However, plaintiff conducted no discovery and did not follow through with the ADR process.

Plaintiff simply did not avail himself of these opportunities to support his case. Debtors' opinion is that the plaintiff filed this complaint simply to thwart the debtors' bankruptcy process and ultimate discharge.

### V. CONCLUSION

Plaintiff produced very limited evidence. Plaintiff did not conduct discovery. Therefore, plaintiff will not be able to overcome the burden of proof – preponderance of the evidence.

Moreover, plaintiff avails himself of 11 USC § 523(a)(2)(A). However, this very section requires proof of fraud. Plaintiff's only evidence of fraud is a **default** judgment. There was no specific finding of any fraud or wrongdoing. Furthermore, under § 523, exceptions to discharge should be strictly construed in favor of dischargeability.

In conclusion, a judgment in favor of debtors and defendants should be granted.

Dated:    November 11, 2009

                                       _/s/ Hien D. Doan_____
                                       Hien D. Doan, Esq.
                                       Attorney for Debtors and
                                       Defendants

**PROOF OF SERVICE**

I, Kevin Lee, declare under penalty of perjury that the following facts are true and correct.

I am a citizen of the United States, over the age of 18 years, and not a party to the entitled action. I provide administrative services at the law offices of HIEN DUC DOAN, 626 International Boulevard, Oakland, CA 94606.

On November 11, 2009, I served the following:

**DEFENDANTS' TRIAL BRIEF**

on all interested parties in said cause, be delivering a true copy as follows:

[X] (By Mail) I placed a true copy thereof enclosed in a sealed envelope with postage thereon fully prepared. I deposited said envelope in the United States Mail in or near the city of Oakland, CA.

[ ] (By Hand) I placed a true copy thereof enclosed in a sealed envelope. I caused such envelope to be delivered to the offices of the addressee.

[ ] (By Facsimile) I sent a true copy thereof via telephone facsimile transmission to the following number(s) and a hard copy to follow by mail.

Each envelope, if applicable, was addressed as follows:

**Paul Bick Nguyen, Esq.**
**Attorney at Law**
**480 N. First Street, Suite 100**
**San Jose, CA 95112**

**Carol Wu, Trustee**
**25A Crescent Drive, #413**
**Pleasant Hill, CA 94523**

Executed on November 11, 2009, at or near Oakland, CA.

/s/ Kevin Lee_____
Kevin Lee